**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| LIDIA YULISA GOMEZ LUIS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | |
| | ) | No. 2:26-cv-02842-SHL-cgc |
| CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations, | ) ) ) ) | |
| Respondent. | ) ) | |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On July 12, 2026, Petitioner Lidia Yulisa Gomez Luis filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  Gomez Luis challenges her "indefinite detention without a meaningful custody review."  (Id. at PageID 3.)  Gomez Luis, a noncitizen, has resided in the United States continuously since March 2021.  (Id. at PageID 2.)  She is employed in Memphis at a restaurant called Alicia.  (Id. at PageID 3.)  Her brother is also present in the United States.  (Id.)  On July 1, 2026, she was taken into ICE custody and remains detained at the West Tennessee Detention Facility.  (Id. at PageID 2, 7.)  She seeks immediate release from Respondent's custody.  (Id. at PageID 7.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1)     Within **two business days** of the filing of this Order, Gomez Luis shall deliver a

copy of **the Petition and this Order** to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**.

(2)      Within **two business days** after Gomez Luis fully complies with the above requirement, Respondent shall respond to the Petition in writing.  If the basis of Gomez Luis's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply.  If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3)      Gomez Luis may file a reply within **two business days** after Respondent's responsive filing.

(4)      Respondent shall not transfer Gomez Luis out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 13th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE