**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| LIDIA YULISA GOMEZ LUIS, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK, New Orleans | ) | No. 2:26-cv-02842-SHL-cgc |
| Field Office Director of Immigration and | ) | |
| Customs Enforcement, Enforcement and | ) | |
| Removal Operations, | ) | |
| Respondent. | ) | |

**ORDER GRANTING PETITION**

On July 12, 2026, Petitioner Lidia Yulisa Gomez Luis filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Gomez Luis challenges her "indefinite detention without a meaningful custody review." (Id. at PageID 3.) She seeks immediate release from Respondent's custody. (Id. at PageID 7.) Respondent responded on July 15. (ECF No. 8.) Respondent concedes that "this case is covered by the Sixth Circuit's recent decision" in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026). (Id. at PageID 15.)

For the reasons stated below, the Petition is **GRANTED** and Respondent is **ORDERED** to immediately release Petitioner from custody.

**BACKGROUND**

Gomez Luis, a citizen of Guatemala, has resided in the United States continuously since March 2021. (ECF No. 1 at PageID 2.) She is employed at Alicia, a Memphis restaurant. (Id. at PageID 3.) Her brother is also present in the United States. (Id.) On July 1, 2026, she was taken into ICE custody and remains detained at the West Tennessee Detention Facility. (Id. at PageID 2, 7.) She seeks immediate release from Respondent's custody. (Id. at PageID 7.)

**ANALYSIS**

Respondent concedes that Lopez-Campos governs this matter.  (ECF No. 8 at PageID

15.)  That decision held "that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not

apply to 'applicants for admission' who are not 'seeking admission.'"  Lopez-Campos, 175 F.4th

at 732.  Nevertheless, Respondent maintains that "the Court should require Petitioner to exhaust

administrative remedies" before granting relief.  (ECF No. 8 at PageID 16.)  Specifically,

according to Respondent, "Petitioner should be required to first request a bond hearing in

immigration court before seeking habeas relief in federal court."  (Id. at PageID 15.)

However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza

v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr.

23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**.  The legal

questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile

because Petitioner cannot seek meaningful and timely administrative relief.  McCarthy v.

Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion,

requiring exhaustion is within a court's discretion); Matter of Yajure Hurtado, 29 I. & N. Dec.

216, 225 (BIA 2025) (holding that an immigration judge "lack[s] authority to hear bond requests

or to grant bond to aliens who are present in the United States without admission").

Petitioner "rightfully state[s] that [she has] a liberty interest to be free from detention."

Lopez-Campos, 175 F.4th at 734.  ICE's decision to detain her without a bond hearing violated

that liberty interest, which cannot be casually tossed aside.  Thus, Petitioner is entitled to

immediate release.  See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10

(W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under

§ 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a

bond hearing under § 1226(a).").

Therefore, consistent with <u>Lopez-Campos</u> and this Court's decision in <u>Villafranca Lara</u>, and after consideration of the record, the Petition is **GRANTED**.

<u>**CONCLUSION**</u>

For the reasons stated above, the Petition is **GRANTED**.  Respondent is **ORDERED** to immediately release Petitioner from custody.  Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A).  Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 16th day of July, 2026.

<u>s/ Sheryl H. Lipman</u>
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

3